CT Corporation

# Service of Process Transmittal

04/25/2017
CT Log Number 531112408

**TO:** Michael Bell
Electrolux North America, Inc.
10200 David Taylor Dr
Charlotte, NC 28262-2373

**RE:** **Process Served in Indiana**

**FOR:** Electrolux Home Products, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | STATE FARM FIRE AND CASUALTY COMPANY, etc., Pltf. vs. Electrolux Home Products, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Washington County Superior Court, IN<br>Case # 88C011704CT000237 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Electrolux Refrigerator- Model Number FFTRI8IQBO |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Indianapolis, IN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/25/2017 postmarked on 04/21/2017 |
| **JURISDICTION SERVED :** | Indiana |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days from the date you received this notice |
| **ATTORNEY(S) / SENDER(S):** | Patrick C. Thomas<br>KAHN, DEES, DONOVAN and KAHN, LLP<br>501 Main Street, Suite 305<br>Post Office Box 3646<br>Evansville, IN 47735-3646<br>812-423-3183 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/25/2017, Expected Purge Date: 04/30/2017<br><br>Image SOP<br><br>Email Notification,  Michael Bell  michael.bell@electrolux.com<br><br>Email Notification,  Joanne Chatley  joanne.chatley@electrolux.com<br><br>Email Notification,  Ishita Haque  ishita.haque@electrolux.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>150 West Market Street<br>Suite 800<br>Indianapolis, IN 46204<br>312-345-4336 |

Page 1 of  1 / DK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



CERTIFIED MAIL®

9414 7266 9904 2083 7375 88

RETURN RECEIPT REQUESTED




US POSTAGE
$07.71⁰
Mailed From 47708
04/21/2017
031A 0002310702

Electrolux Home Products, Inc.
C/O Ct Corporation System – Registered Agent
150 West Market St. Suite 800
Indianapolis, IN 46204



CERTIFIED MAIL
RETURN RECEIPT
REQUESTED

ALAN N. SHOVERS
JON GOLDMAN
BRIAN P. WILLIAMS
G. MICHAEL SCHOPMEYER
JEFFREY K. HELFRICH
JEFFREY W. AHLERS
KENT A. BRASSEALE II
MARK S. SAMILA
ROBERT F. BARRON II
ALLISON K. COMSTOCK
STEVEN S. HOAR
STEPHEN S. LAVALLO
SHANNON S. FRANK
MARIA L. BULKLEY
MONICA E. EDWARDS
MICHAEL E. DIRIENZO
JACOB R. FULCHER
MARK A. MCANULTY
CARRIE MOUNT ROELLE
RYAN M. SCHULZ
JOSHUA B. GESSLING
STEVEN M. THEISING
ASHLEY R. HOLLEN
PATRICK C. THOMAS
MATTHEW D. MALCOLM
MALLORY C. DECKARD
WM. ROYAL GEARHART II
OLIVIA G. ROBINSON

**KAHN, DEES, DONOVAN & KAHN, LLP**

LAW OFFICES

501 MAIN STREET, SUITE 305
POST OFFICE BOX 3646
EVANSVILLE, INDIANA 47735

TELEPHONE (812) 423-3183
FACSIMILE (812) 423-3841
WEBSITE: www.kddk.com

ISIDOR KAHN
(1887-1963)
HARRY P. DEES
(1912-2004)
ARTHUR R. DONOVAN
(1910-2000)
ROBERT KAHN
(1918-1989)

OF COUNSEL
THOMAS O. MAGAN
(RETIRED)
LARRY R. DOWNS
JOHN E. HEGEMAN

April 21, 2017

*Via Certified Mail 9414 7266 9904 2083 7375 88*
Electrolux Home Products, Inc.
C/O CT Corporation System – Registered Agent
150 West Market St. Suite 800
Indianapolis IN 46204

> **RE:** **State Farm Mutual Automobile Insurance Company a/s/o James C. Hall v Electrolux Home Products, Inc., and Sensata Technologies, Inc., and Nueva Generacion Manufacturas S.A. De C.V and Samsung Electronics America** *Washington Superior Court, Cause No.: 88C01-1704-CT-000237*

Dear Highest Ranking Official:

Attached please find a copy of the Summons with Complaint and Appearance we filed in the above referenced matter.

Please note, you or your attorney must file an answer within twenty (20) days from the date you received this notice.

Your prompt attention is appreciated.

Sincerely,

**KAHN, DEES, DONOVAN & KAHN, LLP**

Patrick C. Thomas
pthomas@kddk.com

PCT/mms
Enclosures

Case 4:17-cv-00092-TWP-DML   Document 1-1 Filed 05/24/17   Page 4 of 65 PageID #: 10

88C01-1704-CT-000237

SS: WASHINGTON SUPERIOR COURT

Filed: 4/21/2017 1:58:14 PM
Clerk
Washington County, Indiana

STATE FARM FIRE AND CASUALTY )
COMPANY A/S/O JAMES C. HALL )
    Plaintiff, )
     )
     )
v. )    CAUSE NO. 88\_\_\_\_\_-1704-CT-_____
     )
ELECTROLUX HOME PRODUCTS, INC., )
AND SENSATA TECHNOLOGIES, INC., )
AND NUEVA GENERACION MANUFACTURAS )
S.A. DE C.V. AND SAMSUNG ELECTRONICS )
AMERICA )
    Defendants. )

**TO THE ABOVE NAMED DEFENDANT OR DEFENDANTS:**

You have been sued by the person(s) named "plaintiff", in the court stated above. The nature of the suit against you is stated in the complaint which is attached to this document. It also states the demand which the plaintiff has made and wants from you. You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons, or judgment may be entered against you for what the plaintiff has demanded. If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer to the Washington Superior Court, 99 Public Square # 102, Salem IN 47167, (812)883-5748.

The following manner of service of summons is hereby designated: **CERTIFIED MAIL.**

If not so designated, the clerk shall cause service to be made by mail.

Date: April 21, 2017

Patrick C. Thomas, #31536-53
KAHN, DEES, DONOVAN and KAHN, LLP
501 MAIN STREET, P.O. BOX 3646
EVANSVILLE, IN 47735-3646
TELEPHONE: (812) 423-3183

Shirley Batt, Clerk
CM
By _Sarah Milligan_, Deputy
(S E A L)

**CERTIFICATE OF MAILING**

I hereby certify, that on the \_\_\_\_ day of _____, 2017, I mailed a copy of this summons and a copy of the complaint to each of the defendant(s) _____ and _____ by (registered or certified) mail, requesting a return receipt signed by the addressee only, addressed to each of said defendant(s), at the addresses furnished by the plaintiff.

Dated _____, 2017.
Shirley Batt, Clerk

By_____, Deputy

**RETURN OF SERVICE OF SUMMONS BY MAIL**

I hereby certify that service of summons with return receipt requested was mailed on the \_\_\_\_ day of _____, 2017, and that a copy of the return receipt was received on the \_\_\_\_ day of _____, 2017, which copy is attached herewith.

Dated_____, 2017.
Shirley Batt, Clerk

By_____, Deputy

**RETURN ON SERVICE OF SUMMONS BY SHERIFF**

I hereby certify that I have served the within summons:

    1.    By delivering personally on the \_\_\_\_ day of _____, 2017, a copy of the summons and a copy of the complaint to each of the within named defendant(s)_____.

    2.    By leaving on the \_\_\_\_ day of _____, 2017, for each of the within named defendant(s)_____ a copy of the summons and a copy of the complaint at the respective dwelling place or usual place of abode with some person of suitable age and discretion whose duties or activities include prompt communication of such information to the person being served.

    3.    By leaving on the \_\_\_\_ day of _____, 2017, for each of the within named defendant(s) _____ a copy of the summons and a copy of the complaint at the respective or usual place of business or employment with some person of suitable age and discretion whose usual duties or activities include prompt communication of such information to the person being served.

Whenever service is made on part 2. or 3., there shall be added:

    That on the \_\_\_\_ day of _____, , I sent by first class mail a copy of the summons without the complaint to each of the within named defendant(s)_____.

Fees:    Summons_____
          Mileage_____    Sheriff of _____ County, Indiana
          Total_____    By_____Deputy

ELECTROLUX HOME PRODUCTS, INC.
C/O CT CORPORATION SYSTEM – REGISTERED AGENT
150 WEST MARKET ST. SUITE 800
INDIANAPOLIS IN 46204

88C01-1704-CT-000237

Filed: 4/21/2017 1:58:14 PM
Clerk
Case 4:17-cv-00092-TWP-DML Document 1-2 Filed 05/24/17 Page 5 of 65 PageID #: 11 Washington County, Indiana

STATE OF INDIANA          )
                          )          SS: WASHINGTON SUPERIOR COURT
COUNTY OF WASHINGTON      )

STATE FARM FIRE AND CASUALTY    )
COMPANY A/S/O JAMES C. HALL      )
          Plaintiff,              )
                                  )
          v.                      )          CAUSE NO. 88_____-1704-CT-_____
                                  )
ELECTROLUX HOME PRODUCTS, INC.,)
AND SENSATA TECHNOLOGIES, INC., )
AND NUEVA GENERACION              )
MANUFACTURAS S.A. DE C.V. AND     )
SAMSUNG ELECTRONICS AMERICA       )
          Defendants.             )

## COMPLAINT

Comes now Plaintiff, State Farm Fire and Casualty Company a/s/o James C. Hall, by
counsel, and for its claim for relief against Defendants, Electrolux Home Products, Inc., Sensata
Technologies, Inc., Nueva Generacion Manufacturas S.A. De C.V., and Samsung Electronics
America, alleges and says that:

1.      Plaintiff is a corporation organized and existing under the laws of the State of
Illinois and authorized to do business in Indiana.

2.      Defendant, Electrolux Home Products, Inc., is a foreign corporation organized
under the laws of North Carolina with its headquarters located at 10200 David Taylor Dr.,
Charlotte, NC 25262, and at all times relevant herein, registered to transact business in the state
of Indiana.

3.      Defendant, Sensata Technologies, Inc., is a foreign corporation organized under
the laws of Massachusetts with its headquarters located at 529 Pleasant St., Attleboro, MA
02703, and at all times relevant herein, registered to transact business in the state of Indiana.

4.      Defendant, Nueva Generacion Manufacturas S.A. De C.V. is a foreign corporation with its headquarters located at Tezozomoc 239 Fracc. Ind. San Antonio Azcapotzalco C.P. 02760 Mexico D. F.

5.      Defendant, Samsung Electronics America, is a foreign corporation organized under the laws of New Jersey with its headquarters located at 85 Challenger Rd., Ridgefield Park, New Jersey 07660, and at all times relevant herein, registered to transact business in the state of Indiana.

6.      This Court has jurisdiction over the parties and the subject matter of this litigation pursuant to Rule 4.4(A) of the Indiana Rules of Trial Procedure.

7.      On March 29, 2015, James C. Hall ("Insured") purchased a home owner's insurance policy for the residence located at 11299 S. Pennington Lane, Washington County, in Fredricksburg, Indiana ("the Home") and the policy was in effect at all relevant times for the events described below.

8.      On or about April 23, 2015, Insured purchased an Electrolux Refrigerator, model number FFTR181QBO, serial number BA51021653 ("the refrigerator") for personal use in the Home.

9.      The refrigerator and/or its components were manufactured by Electrolux Home Products, Inc., Sensata Technologies, Inc., Nueva Generacion Manufacturas S.A. De C.V., and Samsung Electronics America (collectively "Defendants").

10.     The Defendants designed, manufactured, assembled, tested, distributed, and sold the refrigerator and/or its components into the stream of commerce.

11.     Electrolux Home Products, Inc., designed the refrigerator to have a useful life of at least ten years.

12.     Electrolux Home Products, Inc., warranted with the sale of the refrigerator that every Electrolux major appliance is guaranteed to be free of material defects or component malfunctions.

13.     At no time on or before April 24, 2015 did Defendants inform Insured of the safety and fire risks associated with the refrigerator.

14.     On or about April, 24, 2015, just one day after purchase and installation of the refrigerator, the refrigerator caught fire at the Home (hereinafter "the Fire"), resulting in damages to Insured's property.

15.     The Fire which ignited and destroyed the Home originated within the compressor compartment of the refrigerator, at or near the PTC Starter.

16.     Insured has not, at any time since the purchase, altered the refrigerator in any way.

17.     At all times since the purchase, Insured used the refrigerator for its intended purpose only.

18.     Due to the Fire caused by the refrigerator, Plaintiff's Insured incurred damages in the amount of $135,811.96.

19.     Pursuant to the terms of the insurance policy covering the Home, Plaintiff has made payments to or on behalf of its Insured as compensation for damages in the amount of $135,811.96 (less insured's $1,000.00 deductible).

20.     Plaintiff, pursuant to the terms of said insurance policy, and by virtue of equity, is subrogated to the rights of its Insured to the extent of its payments to or for Insured's account.

## COUNT I – PRODUCTS LIABILITY – DEFECTIVE MANUFACTURING

21.    Plaintiff incorporates by reference herein all preceding paragraphs of Plaintiff's Complaint.

22.    The Fire was proximately caused by the defective and unreasonably dangerous refrigerator and/or its components.

23.    Defendants are in the business of selling the refrigerator and/or its components.

24.    Insured was a user of the refrigerator and as such was in the class of persons that the Defendants should have reasonably foreseen as being subject to harm caused by the defective refrigerator.

25.    The refrigerator and/or its components were defective and unreasonably dangerous at the time it left the control of each of the Defendants and remained in a substantially unchanged condition until the Fire on 04/24/2015.

26.    The refrigerator was in a defective condition and unreasonably dangerous at the time it left the control of the Defendants because:

> a)  Defendants failed to adequately manufacture the refrigerator and/or its components so as to prevent it from igniting a fire;
>
> b)  Defendants failed to adequately inspect and test the refrigerator and/or its components to ensure against defects;
>
> c)  Defendants failed to assemble the refrigerator and/or its components in such a manner that would prevent it from igniting a fire;
>
> d)  Defendants distributed the defective refrigerator and/or its components, which were not reasonably safe for use in the Home;

e) The refrigerator and/or its components were designed and manufactured without any warning label to the user of the risk of fire at or near the compressor;

f) The refrigerator and/or its components were manufactured for consumer use with materials insufficient for such use;

g) Defendants failed to design the refrigerator and/or its components with adequate safety features to ensure that they did not ignite a fire during normal use;

h) Defendants were otherwise negligent in the design, manufacture, assembly, testing, inspection, and/or distributuion of the refrigerator and/or its components.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company a/s/o James C. Hall, respectfully request judgment against the Defendants, Electrolux Home Products, Inc., Sensata Technologies, Inc., Nueva Generacion Manufacturas S.A. De C.V., and Samsung Electronics America, in the amount of $135,811.96, plus interest from the date of judgment and the costs of this action, together with all other relief deemed just and proper in the premises.

## COUNT II – PRODUCTS LIABILITY – DEFECTIVE DESIGN

27.    Plaintiff incorporates by reference herein all preceding paragraphs of Plaintiff's Complaint.

28.    The refrigerator and/or its components were defectively designed by the Defendants and were unreasonably dangerous at the time they were purchased and remained in a substantially unchanged condition until the Fire.

29.     As a direct and proximate result of the Fire that was caused by the Defendants defective design of the refrigerator and/or its components, Insured suffered damages in the amount of $135,811.96.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company a/s/o James C. Hall, respectfully request judgment against the Defendants, Electrolux Home Products, Inc., Sensata Technologies, Inc., Nueva Generacion Manufacturas S.A. De C.V., and Samsung Electronics America, in the amount of $135,811.96, plus interest from the date of judgment and the costs of this action, together with all other relief deemed just and proper in the premises.

### COUNT III – PRODUCTS LIABILITY – NEGLIGENT MANUFACTURING

30.     Plaintiff incorporates by reference herein all preceding paragraphs of Plaintiff's Complaint.

31.     In manufacturing the refrigerator and/or its components, Defendants had a duty to exercise due and proper care in the manufacturing of their products so that the refrigerator would not cause a fire.

32.     As a direct and proximate result of Defendants' negligent failure to use reasonable care in manufacturing the refrigerator and/or its components, Insured suffered damages in the amount of $135,811.96.

WHEREFORE, Plaintiffs, State Farm Fire and Casualty Company a/s/o James C. Hall, respectfully request judgment against the Defendants, Electrolux Home Products, Inc., Sensata Technologies, Inc., Nueva Generacion Manufacturas S.A. De C.V., and Samsung Electronics America, in the amount of $135,811.96, plus interest from the date of judgment and the costs of this action, together with all other relief deemed just and proper in the premises.

## COUNT IV – NEGLIGENT DESIGN

33.     Plaintiff incorporates by reference herein all preceding paragraphs of Plaintiff's Complaint.

34.     In designing the refrigerator and/or its components, Defendants had a duty to exercise due and proper care in the designing of their products so that the refrigerator would not cause a fire.

35.     As a direct and proximate result of Defendants' negligent design, Insured suffered damages in the amount of $135,811.96.

WHEREFORE, Plaintiffs, State Farm Fire and Casualty Company a/s/o James C. Hall, respectfully request judgment against the Defendants, Electrolux Home Products, Inc., Sensata Technologies, Inc., Nueva Generacion Manufacturas S.A. De C.V., and Samsung Electronics America, in the amount of $135,811.96, plus interest from the date of judgment and the costs of this action, together with all other relief deemed just and proper in the premises.

## COUNT V – BREACH OF IMPLIED MERCHANTABILITY

36.     Plaintiff incorporates by reference herein all preceding paragraphs of Plaintiff's Complaint.

37.     As merchants of the refrigerator and/or its components, Defendants impliedly warranted to Insured that the refrigerator and/or its components were merchantable.

38.     The implied warranty of merchantability was breached when the Fire occurred, resulting in damages to Insured's property.

39.     At the time of the Fire, the refrigerator was in use, and had been used for its intended purpose at all times prior to the Fire.

40. As a direct and proximate result of the Defendants' breach of implied warranty of merchantability, Insured suffered damages in the amount of $135,811.96.

WHEREFORE, Plaintiffs, State Farm Fire and Casualty Company a/s/o James C. Hall, respectfully request judgment against the Defendants, Electrolux Home Products, Inc., Sensata Technologies, Inc., Nueva Generacion Manufacturas S.A. De C.V., and Samsung Electronics America, in the amount of $135,811.96, plus interest from the date of judgment and the costs of this action, together with all other relief deemed just and proper in the premises.

Respectfully submitted,

KAHN, DEES, DONOVAN and KAHN, LLP

By: /s/ Patrick C. Thomas
Patrick C. Thomas, #31536-53

KAHN, DEES, DONOVAN and KAHN, LLP
501 Main Street, Suite 305
Post Office Box 3646
Evansville, Indiana 47735-3646
Telephone: (812) 423-3183
Telecopier: (812) 423-3841

The undersigned hereby certifies that the foregoing document complies with the requirements of Trial Rule 5(G) with regard to information excluded from the public record under Administrative Rule 9(G).

/s/ Patrick C. Thomas
Patrick C. Thomas

Case 4:17-cv-00092-TWP-DML Document 1-2 Filed 03/24/17 Page 13 of 65 PageID #: 19

88C01-1704-CT-000237

Washington Circuit Court

Filed: 4/21/2017 1:58:14 PM
Clerk
Washington County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | |
| | ) | SS: WASHINGTON SUPERIOR COURT |
| COUNTY OF WASHINGTON | ) | |
| | | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY A/S/O JAMES C. HALL | ) | |
|        Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO. 88_____-1704-CT-_____ |
| | ) | |
| ELECTROLUX HOME PRODUCTS, INC., | ) | |
| AND SENSATA TECHNOLOGIES, INC., | ) | |
| AND NUEVA GENERACION | ) | |
| MANUFACTURAS S.A. DE C.V. AND | ) | |
| SAMSUNG ELECTRONICS AMERICA | ) | |
|        Defendants. | ) | |

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1.      The party on whose behalf this form is being filed is:

              **Initiating**   **X**      **Responding** _____    **Intervening** _____ ; and

      the undersigned attorney and all attorneys listed on this form now appear in this case for the following party(ies):

      **STATE FARM FIRE AND CASUALTY COMPANY A/S/O JAMES C. HALL**

2.      Attorney information for service as required by Trial Rule 5(B)(2)

              **Patrick C. Thomas, #31536-53**
              **KAHN, DEES, DONOVAN and KAHN, LLP**
              **501 Main Street, Suite 305**
              **Post Office Box 3646**
              **Evansville, Indiana 47735-3646**
              **Telephone: (812) 423-3183**
              **Telecopier: (812) 423-3841**
              **Email Address: pthomas@kddk.com**

3.      This is a <u>CT</u> case type as defined in administrative Rule 8(B)(3).

4.   I will accept service by:
        FAX at the above noted number:  Yes _____ No __X_____
        Email at the above noted address:  Yes __X_____ No _____

5.   This case involves child support issues. Yes _____ No _____X_____

6.   This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.  Yes _____ No __X_____

7.   This case involves a petition for involuntary commitment.  Yes _____ No __X_____

8.   If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:  N/A

9.   There are related cases: Yes _____ No_____X_____ (If yes, list on continuation page.)

10.  Additional information required by local rule: N/A

11.  There are other party members: Yes _____ No_____X_____ *(If yes, list on continuation page.)*

12.  This form has been served on all other parties and Certificate of Service is attached:
        Yes___X_____No_____

                /s/ Patrick C. Thomas_____
                **Patrick C. Thomas, #31536-53**
                **KAHN, DEES, DONOVAN and KAHN, LLP**
                **501 Main Street, Suite 305**
                **Post Office Box 3646**
                **Evansville, Indiana 47735-3646**
                **Telephone: (812) 423-3183**
                **Telecopier: (812) 423-3841**
                **Email Address:  pthomas@kddk.com**

STATE OF INDIANA        )     WASHINGTON COUNTY CIRCUIT COURT
                                )     SS:
COUNTY OF WASHINGTON    )     CAUSE NO. 88C01-1704-CT-000237

STATE FARM FIRE AND CASUALTY    )
COMPANY a/s/o JAMES C. HALL,      )
                                )
            Plaintiff,           )
                                )
   v.                           )
                                )
ELECTROLUX HOME PRODUCTS, INC.,   )
SENSATA TECHNOLOGIES, INC., NUEVA  )
GENERACION MANUFACTURAS S.A. de   )
C.V. and SAMSUNG ELECTRONICS AMERICA, )
                                )
          Defendants.       )

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1.    The party on whose behalf this form is being filed is:

Initiating _____     Responding __X___     Intervening _____; and

the undersigned attorney and all attorneys listed on this form now appear in this case for

the following parties:

Name of party _Electrolux Home Products, Inc._____

Address of party *(see Question # 5 below if this case involves a protection from abuse*

*order, a workplace violence restraining order, or a no-contact order)*

_10200 David Taylor Dr., Charlotte, NC 28262_____

Telephone # of party _980-236-2663_____

*(List on a continuation page additional parties this attorney represents in this case.)*

2.    Attorney information for service as required by Trial Rule 5(B)(2)

{01312589- }

| | | |
|---|---|---|
| Sarah M. Marr | Atty. No.: | 28289-49 |
| Riley Bennett Egloff LLP | Phone: | 317-636-8000 |
| Fourth Floor | FAX: | 317-636-8027 |
| 141 E. Washington Street | E-Mail: | smarr@rbelaw.com |
| Indianapolis, IN  46204 | | |

**IMPORTANT**:  Each attorney specified on this appearance:

(a)     certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)     **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c)     understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.     This is a __CT_____ case type as defined in administrative Rule 8(B)(3).

4.     This case involves child support issues. Yes _____No ___X_____ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper***. Use Form TCM-TR3.1-4.)*

5.     This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.  Yes _____ No ___X_____ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)*  The party shall use the following address for purposes of legal service:

_____     Attorney's address
_____     The Attorney General Confidentiality program address
                 (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov**).
_____     Another address (provide)
                 _____

This case involves a petition for involuntary commitment.  Yes _____ No _____

6.     If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

{01312589- }

    a.       Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

    b.       State of Residence of person subject to petition: _____

    c.       At least one of the following pieces of identifying information:
           (i)     Date of Birth _____
           (ii)    Driver's License Number _____
                    State where issued _____ Expiration date _____
           (iii)   State ID number _____
                    State where issued _____ Expiration date _____
           (iv)   FBI number _____
           (v)    Indiana Department of Corrections Number _____
           (vi)   Social Security Number is available and is being provided in an attached confidential document Yes _____ No _____

7.     There are related cases: Yes _____ No ___X_____ *(If yes, list on continuation page.)*

8.     Additional information required by local rule: _____

9.     There are other party members: Yes _____ No ___X_____ *(If yes, list on continuation page.)*

10.    This form has been served on all other parties and Certificate of Service is attached: Yes _____ No _____

                        RILEY BENNETT EGLOFF LLP

                        /s/ Sarah M. Marr_____
                        Sarah M. Marr
                        No. 28289-49
                        Attorney for Defendant,
                        Electrolux Home Products, Inc.

RILEY BENNETT EGLOFF LLP
Fourth Floor
141 E. Washington Street
Indianapolis, Indiana  46204
(317) 636-8000
(317) 636-8027 (Fax)

{01312589- }

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of May, 2017, a copy of the foregoing *E-Filing Appearance by Attorney in Civil Case* was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Patrick C. Thomas
KAHN, DEES, DONOVAN and KAHN, LLP

<u>/s/ Sarah M. Marr</u>
Sarah M. Marr

{01312589- }

| STATE OF INDIANA | ) | WASHINGTON COUNTY CIRCUIT COURT |
|---|---|---|
| | ) | SS: |
| COUNTY OF WASHINGTON | ) | CAUSE NO. 88C01-1704-CT-000237 |

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY a/s/o JAMES C. HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ELECTROLUX HOME PRODUCTS, INC., | ) |
| SENSATA TECHNOLOGIES, INC., NUEVA | ) |
| GENERACION MANUFACTURAS S.A. de | ) |
| C.V. and SAMSUNG ELECTRONICS AMERICA, | ) |
| | ) |
| Defendants. | ) |

## <u>DEFENDANT'S REQUEST FOR TRIAL BY JURY</u>

Comes now Defendant, Electrolux Home Products, Inc., by counsel, pursuant to Rule 38

of the Indiana Rules of Trial Procedure, and respectfully requests this matter be tried by jury.

RILEY BENNETT EGLOFF LLP

/s/ Sarah M. Marr
Sarah M. Marr
No. 28289-49
Attorney for Defendant,
Electrolux Home Products, Inc.

RILEY BENNETT EGLOFF LLP
Fourth Floor
141 E. Washington Street
Indianapolis, Indiana  46204
(317) 636-8000
(317) 636-8027 (Fax)

{01314734- }

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of May, 2017, a copy of the foregoing *Defendant's Request for Trial by Jury* was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Patrick C. Thomas
KAHN, DEES, DONOVAN and KAHN, LLP


 /s/ Sarah M. Marr                                
Sarah M. Marr



SMM/pac/6106.042

2

STATE OF INDIANA             )     WASHINGTON COUNTY CIRCUIT COURT
                             )     SS:
COUNTY OF WASHINGTON         )     CAUSE NO. 88C01-1704-CT-000237


STATE FARM FIRE AND CASUALTY          )
COMPANY a/s/o JAMES C. HALL,          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )
                                      )
ELECTROLUX HOME PRODUCTS, INC.,       )
SENSATA TECHNOLOGIES, INC., NUEVA     )
GENERACION MANUFACTURAS S.A. de       )
C.V. and SAMSUNG ELECTRONICS AMERICA, )
                                      )
            Defendants.               )

### DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Comes now Defendant, Electrolux Home Products, Inc. ("EHP"), by counsel, and pursuant to Rule 6(B) of the Indiana Rules of Trial Procedure, moves the Court for an enlargement of time of thirty (30) days, through and including the 14th day of June, 2017, within which to respond to the Complaint filed by Plaintiff, State Farm Fire and Casualty Company a/s/o James C. Hall, and in support of said Motion, shows the Court the following:

1.     On or about April 21, 2017, Plaintiff filed his Complaint.

2.     On or about April 25, 2017, EHP was served with the Complaint via Certified Mail and EHP's Response to Plaintiffs' Complaint is due on May 15, 2017.

3.     Despite diligent, good faith efforts, counsel for EHP requires and reasonably requests an extension of thirty (30) days, through and including June 14, 2017, to prepare a response to Plaintiff's Complaint.

4.     On May 12, 2017, the undersigned counsel contacted counsel for Plaintiff to inquire if Plaintiff objects to this Motion.  As of the time of filing this motion, the undersigned counsel has not yet heard back from Plaintiff.

5.     This Motion has been made in good faith and has not been filed for purposes of delay.

WHEREFORE, Defendant, Electrolux Home Products, Inc., prays for an enlargement of time of thirty (30) days through and including June 14, 2017 within which to respond to Plaintiff's Complaint.

RILEY BENNETT EGLOFF LLP

 /s/ Sarah M. Marr_____
Sarah M. Marr
No. 28289-49
Attorney for Defendant,
Electrolux Home Products, Inc.

RILEY BENNETT EGLOFF LLP
Fourth Floor
141 E. Washington Street
Indianapolis, Indiana  46204
(317) 636-8000
(317) 636-8027 (Fax)

{01312596- }

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2017, a copy of the foregoing *Defendant's Motion for Enlargement of Time to Respond to Plaintiff's Complaint* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Patrick C. Thomas
KAHN, DEES, DONOVAN and KAHN, LLP

/s/ Sarah M. Marr
Sarah M. Marr

SMM/pac/6106.042

{01312596- }

3

STATE OF INDIANA        )      WASHINGTON COUNTY CIRCUIT COURT
                                    )      SS:
COUNTY OF WASHINGTON     )      CAUSE NO. 88C01-1704-CT-000237

STATE FARM FIRE AND CASUALTY     )
COMPANY a/s/o JAMES C. HALL,     )
                                        )
          Plaintiff,             )
                                        )
     v.                           )
                                        )
ELECTROLUX HOME PRODUCTS, INC.,     )
SENSATA TECHNOLOGIES, INC., NUEVA     )
GENERACION MANUFACTURAS S.A. de     )
C.V. and SAMSUNG ELECTRONICS AMERICA, )
                                        )
          Defendants.          )

### ORDER GRANTING DEFENDANT'S MOTION FOR
### ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Comes now Defendant, Electrolux Home Products, Inc., by counsel, and moves the Court for an enlargement of time of thirty (30) days through and including the 14th day of June, 2017, within which to answer or otherwise respond to the Complaint filed by Plaintiff, State Farm Fire and Casualty Company a/s/o James C. Hall, and the Court, having examined said Motion and being duly advised in the premises, now finds that said Motion is meritorious and should be granted.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Defendant, Electrolux Home Products, Inc., has through and including June 14, 2017 within which to answer or otherwise respond to Plaintiff's Complaint

Dated: _____             _____

                                      Judge, Washington County Circuit Court

{01312601- }

Distribution:

Sarah M. Marr, RILEY BENNETT EGLOFF LLP, Fourth Floor, 141 E. Washington Street, Indianapolis, Indiana 46204

Patrick C. Thomas, KAHN, DEES, DONOVAN and KAHN, LLP, 501 Main Street, Suite 305, P.O. Box 3646, Evansville, IN 47735-3646

{01312601- }

| STATE OF INDIANA | ) | WASHINGTON COUNTY CIRCUIT COURT |
|---|---|---|
| | ) | SS: |
| COUNTY OF WASHINGTON | ) | CAUSE NO. 88C01-1704-CT-000237 |

STATE FARM FIRE AND CASUALTY )
COMPANY a/s/o JAMES C. HALL, )
                            )
         Plaintiff, )
                            )
   v. )
                            )
ELECTROLUX HOME PRODUCTS, INC., )
SENSATA TECHNOLOGIES, INC., NUEVA )
GENERACION MANUFACTURAS S.A. de )
C.V. and SAMSUNG ELECTRONICS AMERICA, )
                            )
         Defendants. )

## ORDER GRANTING DEFENDANT'S MOTION FOR
## ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

       Comes now Defendant, Electrolux Home Products, Inc., by counsel, and moves the Court

for an enlargement of time of thirty (30) days through and including the 14th day of June, 2017,

within which to answer or otherwise respond to the Complaint filed by Plaintiff, State Farm Fire

and Casualty Company a/s/o James C. Hall, and the Court, having examined said Motion and

being duly advised in the premises, now finds that said Motion is meritorious and should be

granted.

       IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Defendant,

Electrolux Home Products, Inc., has through and including June 14, 2017 within which to answer

or otherwise respond to Plaintiff's Complaint

Dated:     **May 15, 2017**              _____

                                  Judge, Washington County Circuit Court

{01312601- }

Distribution:

Sarah M. Marr, RILEY BENNETT EGLOFF LLP, Fourth Floor, 141 E. Washington Street, Indianapolis, Indiana  46204

Patrick C. Thomas, KAHN, DEES, DONOVAN and KAHN, LLP, 501 Main Street, Suite 305, P.O. Box 3646, Evansville, IN  47735-3646

{01312601- }

STATE OF INDIANA        )       IN THE WASHINGTON CIRCUIT COURT
                        )SS:
COUNTY OF WASHINGTON   )       CAUSE NO. 88C01-1704-CT-000237

STATE FARM FIRE & CASUALTY    )
COMPANY A/S/O JAMES C. HALL   )
                              )
      Plaintiffs,            )
                              )
      v.                    )
                              )
ELECTROLUX HOME PRODUCTS, INC.,  )
AND SENSATA TECHNOLOGIES, INC.,  )
AND NUEVA GENERACION        )
MANUFACTURAS S.A. DE C.V. AND   )
SAMSUNG ELECTRONICS AMERICA   )
                              )
      Defendants.        )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:     Initiating _____
   Responding ☑       Intervening _____; and  the undersigned attorney and all
   attorneys listed on this form now appear in this case for the following parties:

   Name of party:  **Sensata Technologies, Inc.**

2.   Attorney information for service as required by Trial Rule 5(B)(2)

    Name:     **James M. Hinshaw**     Atty Number: **16744-49**
    Email Address:    **jhinshaw@bgdlegal.com**

    Name:     **Andrew M. Pendexter**     Atty Number: **30075-53**
    Email Address:    **apendexter@bgdlegal.com**

    Address:    **BINGHAM GREENEBAUM DOLL LLP**
                **2700 Market Tower**
                **10 West Market Tower**
                **Indianapolis, IN  46204**
    Phone:     **(317) 635-8900**
    FAX:      **(317) 236-9907**

**IMPORTANT**:  Each attorney specified on this appearance:

(a)     certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)     **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c)     understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.     This is a **CT** case type as defined in administrative Rule 8(B)(3).

4.   There are related cases: Yes _____ No ☑ *(If yes, list on continuation page.)*

5.   Additional information required by local rule:

_____

6.   There are other party members: Yes _____ No ☑ *(If yes, list on continuation page.)*

7.   This form has been served on all other parties and Certificate of Service is attached:    Yes ☑   No___

/s/ Andrew M. Pendexter
James M. Hinshaw, Attorney No. 16744-49
Andrew M. Pendexter, Attorney No. 30075-53
BINGHAM GREENEBAUM DOLL LLP
2700 Market Tower
10 West Market Tower
Indianapolis, IN  46204
Phone:  (317) 635-8900
jhinshaw@bgdlegal.com
apendexter@bgdlegal.com

<u>**CERTIFICATE OF SERVICE**</u>

      The undersigned hereby certifies that on the 15 day of May, 2017, the foregoing document was electronically filed using the Indiana E-filing System ("IEFS"). I certify that the following were electronically served a copy of the foregoing document:

Patrick C. Thomas
KAHN, DEES, DONOVAN and KAHN LLP
501 Main Street, Suite 305
Post Office Box 3646
Evansville, Indiana 47735-3646
(attorney for Plaintiff)

Sarah M. Marr
RILEY BENNETT EGLOFF LLP
Fourth Floor, 141 E. Washington Street
Indianapolis, Indiana 46204
(attorney for Electrolux Home Products, Inc.)

      The undersigned hereby certifies that a copy of the foregoing has been deposited in the U.S. Mail, first class postage prepaid, this 15 day of May, 2017, addressed to the following:

UNITED STATES CORPORATION AGENTS, INC.
4010 W 86TH STREET, STE D
INDIANAPOLIS, IN, 46268
(Registered agent for Samsung Electronics America)

Nueva Generacion Manufacturas S.A. De C.V.
Tezozomoc 239 Fracc. Ind. San Antonio
Azcapotzalco C.P. 02760
Mexico D. F.
(address listed for this defendant in Complaint)

                                                _____

*18484971*

STATE OF INDIANA         )        SS:  WASHINGTON SUPERIOR COURT
                                        )
COUNTY OF WASHINGTON     )        CAUSE NO.:  88CO1-1704-CT-000237

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY A/S/O JAMES C. HALL, | ) |
|        Plaintiff, | ) |
| v. | ) |
| | ) |
| ELECTROLUX HOME PRODUCTS, INC., AND | ) |
| SENSATA TECHNOLOGIES, INC., AND | ) |
| NUEVA GENERACION MANUFACTURAS | ) |
| S.A. DE C.V. AND SAMSUNG ELECTRONICS | ) |
| AMERICA, | ) |
|        Defendants. | ) |

## <u>APPEARANCE BY ATTORNEYS IN CIVIL CASE</u>

Party Classification: Initiating _____ Responding __X__ Intervening _____

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party members: <u>Samsung Electronics America, Inc. (incorrectly sued as "Samsung Electronics America")</u>

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| | |
|---|---|
| Name: <u>James Williams</u><br>Address: <u>WILSON, ELSER, MOSKOWITZ,</u><br>  <u>EDELMAN & DICKER LLP</u><br><u>55 West Monroe Street – 38th Floor</u><br><u>Chicago, IL  60603</u><br>Telephone:  <u>(312) 704-0550</u><br>Facsimile:   <u>(312) 704-1522</u> | Atty Number: <u>23193-45</u><br>Email: <u>jim.williams@wilsonelser.com</u> |
| Name: <u>Edward DeVries</u><br>Address: <u>WILSON, ELSER, MOSKOWITZ,</u><br>  <u>EDELMAN & DICKER LLP</u><br><u>55 West Monroe Street – 38th Floor</u><br><u>Chicago, IL  60603</u><br>Telephone:  <u>(312) 704-0550</u><br>Facsimile:   <u>(312) 704-1522</u> | Atty Number: <u>30316-45</u><br>Email: <u>edward.devries@wilsonelser.com</u> |

3. There are other party members: Yes_____ No __x___ (*If yes, list on continuation page.*)

4. *If first initiating party filing this case*, the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): _____N/A_____

2327154v.1

5. I will accept service by FAX at the above noted number: Yes_____ No ___X_____

6. This case involves support issues. Yes _____ No __X_____ (*If yes, supply social security numbers for all family members on a separately attached page using **light green paper**. See form below.*)

7. There are related cases: Yes _____ No ____X_____(*If yes, list on continuation page.*)

8. This form has been served on all other parties and Certificate of Service is attached:
Yes ___X_____        No _____

9. Additional information required by local rule: _____

_____

Attorney-at-Law
(Attorney information shown above.)

APPEARANCE FORMAT--CONTINUATION PAGE (Civil Case for Use by Attorney)

Case Number: _____

First Listed Party Member: _____

Continuation of Item 2 (Attorney information for party member, as applicable):

Name: _____ Atty Number:_____

Address: _____ Phone: _____

_____ FAX: _____

_____ Computer Address: _____

Name: _____ Atty Number: _____

Address: _____ Phone: _____

_____ FAX: _____

_____ Computer Address: _____

Name: _____ Atty Number: _____

Address: _____ Phone: _____

_____ FAX: _____

_____ Computer Address: _____

Continuation of Item 3 (Other party members not represented by this attorney) _____

_____

Continuation of Item 7 (Caption and case number of related cases):

Caption _____ Case Number _____

Caption _____ Case Number _____

Caption _____     Case Number _____

Caption _____     Case Number_____

**Authority: Pursuant to Trial Rule 3.1, this form shall be filed at the time an action is commenced or when a party first appears. In emergencies, the requested information shall be supplied when it becomes available. Parties shall advise the court of a change in information previously provided to the court.**

**This format is approved by the Division of State Court Administration. All versions prior to 1/1/2005 are obsolete.**

**Use additional continuation pages if needed**.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 17, 2017, I electronically filed the foregoing using the Indiana E-Filing System (IEFS). I also certify that on May 17, 2017, the foregoing document was served upon counsel for Plaintiff via IEFS and via US Mail.

Patrick C. Thomas, #31536-53
Kahn, Dees, Donovan and Kahn, LLP
501 Main Street, Suite 305
Post Office Box 3646
Evansville, Indiana 47735-3646
(812) 423-3183
*Counsel for Plaintiff*

Sarah M. Marr, #28289-49
Riley Bennett & Egloff, LLP
141 East Washington St., Suite 400
Indianapolis, IN 46204
(317) 636-8000
*Counsel for Electrolux Home Products, Inc.*

/s/James Williams
James Williams 23193-45

Filed: 5/15/2017 6:02:18 PM
Clerk
Washington County, Indiana

STATE OF INDIANA      )      IN THE WASHINGTON CIRCUIT COURT
      )SS:
COUNTY OF WASHINGTON     )      CAUSE NO. 88C01-1704-CT-000237

|  |  |
|---|---|
| STATE FARM FIRE & CASUALTY | ) |
| COMPANY A/S/O JAMES C. HALL | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| ELECTROLUX HOME PRODUCTS, INC., | ) |
| AND SENSATA TECHNOLOGIES, INC., | ) |
| AND NUEVA GENERACION | ) |
| MANUFACTURAS S.A. DE C.V. AND | ) |
| SAMSUNG ELECTRONICS AMERICA | ) |
|  | ) |
| Defendants. | ) |

## MOTION FOR EXTENSION OF TIME

Defendant, Sensata Technologies, Inc., by counsel, respectfully moves the Court for a thirty-day extension of time up to, and including, June 19, 2017 to answer or otherwise respond to Plaintiff's Complaint, and in support thereof, states as follows:

1.     Defendant, Sensata Technologies, Inc. ("Sensata") was served with Plaintiff's Complaint on April 25, 2017.

2.     Under Indiana Rule of Trial Procedure 6(C), Sensata has until May 18, 2017 to file its responsive pleading or otherwise respond.

3.     Such time has yet to expire.

4.     Counsel for Sensata was recently retained and needs additional time to investigate the allegations in the Complaint and prepare its answer or other response.

5.     The undersigned counsel contacted counsel for Plaintiff concerning this Motion. Plaintiff's counsel agrees to a twenty-day extension, but objects to a thirty-day extension. Plaintiff's counsel provided no justification for agreeing to a twenty-day extension, but not a thirty-day extension, and, indeed, this extension is not sought for purposes of delay. Further, the Court has already granted Defendant Electrolux's thirty-day extension of time to respond to Plaintiff's Complaint. Plaintiff, therefore, would not be prejudiced by the Court granting a similar thirty-day extension to Sensata.

6.     Sensata, therefore, requests a thirty-day extension of time in which to file a responsive pleading or a Rule 12 motion, up to, and including, June 19, 2017.

WHEREFORE, Sensata Technologies, Inc., by counsel, respectfully moves the Court for a thirty-day extension of time up to, and including, June 19, 2017 to file its answer or otherwise respond to Plaintiffs' Complaint.

Respectfully submitted,


/s/Andrew M. Pendexter____
James M. Hinshaw, (16744-49)
Andrew M. Pendexter (30075-53)
BINGHAM GREENEBAUM DOLL LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
Telephone (317) 635-8900
Facsimile (317) 236-9907

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 15 day of May, 2017, the foregoing document was electronically filed using the Indiana E-filing System ("IEFS"). I certify that the following were electronically served a copy of the foregoing document:

Patrick C. Thomas
KAHN, DEES, DONOVAN and KAHN LLP
501 Main Street, Suite 305
Post Office Box 3646
Evansville, Indiana 47735-3646
(attorney for Plaintiff)

Sarah M. Marr
RILEY BENNETT EGLOFF LLP
Fourth Floor, 141 E. Washington Street
Indianapolis, Indiana 46204
(attorney for Electrolux Home Products, Inc.)

The undersigned hereby certifies that a copy of the foregoing has been deposited in the U.S. Mail, first class postage prepaid, this 15 day of May, 2017, addressed to the following:

UNITED STATES CORPORATION AGENTS, INC.
4010 W 86TH STREET, STE D
INDIANAPOLIS, IN, 46268
(Registered agent for Samsung Electronics America)

Nueva Generacion Manufacturas S.A. De C.V.
Tezozomoc 239 Fracc. Ind. San Antonio
Azcapotzalco C.P. 02760
Mexico D. F.
(address listed for this defendant in Complaint)

/s/ Andrew M. Pendexter

18485134

STATE OF INDIANA )       IN THE WASHINGTON CIRCUIT COURT
                        )SS:
COUNTY OF WASHINGTON )   CAUSE NO. 88C01-1704-CT-000237

STATE FARM FIRE & CASUALTY )
COMPANY A/S/O JAMES C. HALL )
                           )
    Plaintiffs, )
                           )
    v. )
                           )
ELECTROLUX HOME PRODUCTS, INC., )
AND SENSATA TECHNOLOGIES, INC., )
AND NUEVA GENERACION )
MANUFACTURAS S.A. DE C.V. AND )
SAMSUNG ELECTRONICS AMERICA )
                           )
    Defendants. )

## ORDER GRANTING MOTION FOR EXTENSION OF TIME

The Court, having received Sensata Technologies, Inc., Motion for a thirty-day extension of time up to, and including, June 19, 2017 to file an answer or otherwise respond to Plaintiff's Complaint, and being duly advised in the premises, now finds that the Motion should be **GRANTED**.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the time within which Sensata Technologies, Inc. has to file an answer or otherwise respond to Plaintiff's Complaint is extended up to, and including, June 19, 2017.

DATED: _____        _____

                                          Judge, Washington Circuit Court

**Distribution:**

James M. Hinshaw
Andrew M. Pendexter
BINGHAM GREENEBAUM DOLL LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204

Patrick C. Thomas
KAHN, DEES, DONOVAN and KAHN LLP
501 Main Street, Suite 305
Post Office Box 3646
Evansville, Indiana 47735-3646
(attorney for Plaintiff)

Sarah M. Marr
RILEY BENNETT EGLOFF LLP
Fourth Floor, 141 E. Washington Street
Indianapolis, Indiana 46204
(attorney for Electrolux Home Products, Inc.)

18485158

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE WASHINGTON CIRCUIT COURT |
| | )SS: | |
| COUNTY OF WASHINGTON | ) | CAUSE NO. 88C01-1704-CT-000237 |

STATE FARM FIRE & CASUALTY )
COMPANY A/S/O JAMES C. HALL )
                             )
      Plaintiffs, )
                             )
      v. )
                             )
ELECTROLUX HOME PRODUCTS, INC., )
AND SENSATA TECHNOLOGIES, INC., )
AND NUEVA GENERACION )
MANUFACTURAS S.A. DE C.V. AND )
SAMSUNG ELECTRONICS AMERICA )
                             )
       Defendants. )

## ORDER GRANTING MOTION FOR EXTENSION OF TIME

The Court, having received Sensata Technologies, Inc., Motion for a thirty-day extension of time up to, and including, June 19, 2017 to file an answer or otherwise respond to Plaintiff's Complaint, and being duly advised in the premises, now finds that the Motion should be **GRANTED**.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the time within which Sensata Technologies, Inc. has to file an answer or otherwise respond to Plaintiff's Complaint is extended up to, and including, June 19, 2017.

DATED: _____**May 17, 2017**_____     _____

Judge, Washington Circuit Court

**Distribution:**

James M. Hinshaw
Andrew M. Pendexter
BINGHAM GREENEBAUM DOLL LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204

Patrick C. Thomas
KAHN, DEES, DONOVAN and KAHN LLP
501 Main Street, Suite 305
Post Office Box 3646
Evansville, Indiana 47735-3646
(attorney for Plaintiff)

Sarah M. Marr
RILEY BENNETT EGLOFF LLP
Fourth Floor, 141 E. Washington Street
Indianapolis, Indiana 46204
(attorney for Electrolux Home Products, Inc.)

18485158

Filed: 5/17/2017 11:17:32 AM
Clerk
Washington County, Indiana

STATE OF INDIANA       )       SS: WASHINGTON SUPERIOR COURT

                                 )

COUNTY OF WASHINGTON    )       CAUSE NO.: 88CO1-1704-CT-000237

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY A/S/O JAMES C. HALL, | ) |
|          Plaintiff, | ) |
| v. | ) |
| | ) |
| ELECTROLUX HOME PRODUCTS, INC., AND | ) |
| SENSATA TECHNOLOGIES, INC., AND | ) |
| NUEVA GENERACION MANUFACTURAS | ) |
| S.A. DE C.V. AND SAMSUNG ELECTRONICS | ) |
| AMERICA, | ) |
|          Defendants. | ) |

### DEFENDANT, SAMSUNG ELECTRONICS AMERICA, INC.'S, MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT PURSUANT TO TR 6(B)(1)

Defendant, Samsung Electronics America, Inc. (incorrectly sued as "Samsung Electronics America")(hereinafter referred to as "SEA"), by its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, respectfully moves the Court for an enlargement of time within which to file a response to Plaintiff's Complaint pursuant to TR6(B)(1). In support of this motion, Defendant states as follows:

1. Plaintiff's Complaint was served on SEA via certified mail on April 24, 2017.

2. SEA's appearance and/or responsive pleading are due on ore before May 17, 2017.

3. SEA is timely filing said appearance on May 17, 2017.

4. SEA seeks an additional thirty days, thus, on or before June 16, 2017, for it to file a responsive pleading to Plaintiff's Complaint.

5. This is the first motion for enlargement of time filed by SEA.

6. Plaintiff's counsel does not oppose this motion.

7. This motion is made for good cause and not for the purpose of delay.

1

2327123v.1

WHEREFORE, Defendant, Samsung Electronics America, Inc. (incorrectly sued as "Samsung Electronics America") respectfully requests that the Court enter an Order granting it an enlargement of time, up to and including June 16, 2017, within which to respond to Plaintiff's Complaint, and for all other just relief.

Respectfully submitted:

/s/ James Williams
One of the Attorneys for Defendant,
**Samsung Electronics America, Inc.**
James Williams (23193-45)
Edward DeVries (30316-45)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
55 West Monroe Street, Suite 3800
Chicago, IL 60603
Telephone: (312) 704-0550
Facsimile: (312) 704-1522
Email: jim.williams@wilsonelser.com
Email: edward.devries@wilsonelser.com

2327123v.1

## CERTIFICATE OF SERVICE

I certify that on May 17, 2017, I electronically filed the foregoing using the Indiana E-Filing System (IEFS). I also certify that on May 17, 2017, the foregoing document was served upon counsel for Plaintiff via IEFS and via US Mail.

Patrick C. Thomas, #31536-53
Kahn, Dees, Donovan and Kahn, LLP
501 Main Street, Suite 305
Post Office Box 3646
Evansville, Indiana 47735-3646
(812) 423-3183
*Counsel for Plaintiff*

Sarah M. Marr, #28289-49
Riley Bennett & Egloff, LLP
141 East Washington St., Suite 400
Indianapolis, IN 46204
(317) 636-8000
*Counsel for Electrolux Home Products, Inc.*

/s/James Williams
James Williams 23193-45

3

2327123v.1

| STATE OF INDIANA | ) | SS:  WASHINGTON SUPERIOR COURT |
| COUNTY OF WASHINGTON | ) | CAUSE NO.:  88CO1-1704-CT-000237 |

STATE FARM FIRE AND CASUALTY                )
COMPANY A/S/O JAMES C. HALL,                )
        Plaintiff,                )
v.                )
                    )
ELECTROLUX HOME PRODUCTS, INC., AND    )
SENSATA TECHNOLOGIES, INC., AND         )
NUEVA GENERACION MANUFACTURAS        )
S.A. DE C.V. AND SAMSUNG ELECTRONICS    )
AMERICA,                )
        Defendants.                )

## PROPOSED ORDER ON DEFENDANT, SAMSUNG ELECTRONICS AMERICA, INC.'S, MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT PURSUANT TO TR 6(B)(1)

This matter is before the Court on Defendant, Samsung Electronics America, Inc.'s (incorrectly sued as "Samsung Electronics America") Motion for Enlargement of Time in which to file a Response to Plaintiff's Complaint pursuant to TR6(B)(1), and the Court being duly advised in the premises, now finds:

IT IS HEREBY ORDERED that Defendant, Samsung Electronics America, Inc.'s (incorrectly sued as "Samsung Electronics America") Motion for Enlargement of Time in which to file a Response to Plaintiff's Complaint is GRANTED and Samsung Electronics America, Inc.'s response to Plaintiff's Complaint is due on or before June 16, 2017.

DATED this _____ day of _____, 2017.

_____
Judge, Washington Superior Court

2327140v.1

*Distribution:*

| | |
|---|---|
| Patrick C. Thomas, #31536-53<br>Kahn, Dees, Donovan and Kahn, LLP<br>501 Main Street, Suite 305<br>Post Office Box 3646<br>Evansville, Indiana 47735-3646<br>(812) 423-3183<br>Email: pthomas@kddk.com<br>***Counsel for Plaintiff*** | James Williams (23193-45)<br>Edward DeVries (30316-45)<br>WILSON, ELSER, MOSKOWITZ,<br>   EDELMAN & DICKER LLP<br>55 West Monroe Street-Suite 3800<br>Chicago, IL  60603<br>T: (312) 704-0550<br>F: (312) 704-1522<br>Email: jim.williams@wilsonelser.com<br>Email: edward.devries@wilsonelser.com<br>***Counsel for Defendant, Samsung Electronics America, Inc.*** |
| Sarah M. Marr, #28289-49<br>Riley Bennett & Egloff, LLP<br>141 East Washington St., Suite 400<br>Indianapolis, IN 46204<br>(317) 636-8000<br>Email: smarr@rbelaw.com<br>***Counsel for Defendant, Electrolux Home Products, Inc.*** | |

STATE OF INDIANA            )     SS:  WASHINGTON SUPERIOR COURT
                           )
COUNTY OF WASHINGTON        )     CAUSE NO.:  88CO1-1704-CT-000237

STATE FARM FIRE AND CASUALTY            )
COMPANY A/S/O JAMES C. HALL,            )
        Plaintiff,                      )
v.                                      )
                                        )
ELECTROLUX HOME PRODUCTS, INC., AND     )
SENSATA TECHNOLOGIES, INC., AND         )
NUEVA GENERACION MANUFACTURAS           )
S.A. DE C.V. AND SAMSUNG ELECTRONICS    )
AMERICA,                                )
        Defendants.                     )

## PROPOSED ORDER ON DEFENDANT, SAMSUNG ELECTRONICS AMERICA, INC.'S, MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT PURSUANT TO TR 6(B)(1)

This matter is before the Court on Defendant, Samsung Electronics America, Inc.'s (incorrectly sued as "Samsung Electronics America") Motion for Enlargement of Time in which to file a Response to Plaintiff's Complaint pursuant to TR6(B)(1), and the Court being duly advised in the premises, now finds:

IT IS HEREBY ORDERED that Defendant, Samsung Electronics America, Inc.'s (incorrectly sued as "Samsung Electronics America") Motion for Enlargement of Time in which to file a Response to Plaintiff's Complaint is GRANTED and Samsung Electronics America, Inc.'s response to Plaintiff's Complaint is due on or before June 16, 2017.

DATED this ___17___ day of ___May___, 2017.

_____
Judge, Washington Superior Court

*Distribution:*

| | |
|---|---|
| Patrick C. Thomas, #31536-53<br>Kahn, Dees, Donovan and Kahn, LLP<br>501 Main Street, Suite 305<br>Post Office Box 3646<br>Evansville, Indiana 47735-3646<br>(812) 423-3183<br>Email: pthomas@kddk.com<br>**Counsel for Plaintiff** | James Williams (23193-45)<br>Edward DeVries (30316-45)<br>WILSON, ELSER, MOSKOWITZ,<br>   EDELMAN & DICKER LLP<br>55 West Monroe Street-Suite 3800<br>Chicago, IL  60603<br>T: (312) 704-0550<br>F: (312) 704-1522<br>Email: jim.williams@wilsonelser.com<br>Email: edward.devries@wilsonelser.com<br>**Counsel for Defendant, Samsung Electronics America, Inc.** |
| Sarah M. Marr, #28289-49<br>Riley Bennett & Egloff, LLP<br>141 East Washington St., Suite 400<br>Indianapolis, IN 46204<br>(317) 636-8000<br>Email: smarr@rbelaw.com<br>**Counsel for Defendant, Electrolux Home Products, Inc.** | |

STATE OF INDIANA        )        SS: WASHINGTON SUPERIOR COURT
                  )
COUNTY OF WASHINGTON   )        CAUSE NO.: 88CO1-1704-CT-000237

STATE FARM FIRE AND CASUALTY    )
COMPANY A/S/O JAMES C. HALL,     )
          Plaintiff,        )
v.                       )
                       )
ELECTROLUX HOME PRODUCTS, INC., AND  )
SENSATA TECHNOLOGIES, INC., AND   )
NUEVA GENERACION MANUFACTURAS   )
S.A. DE C.V. AND SAMSUNG ELECTRONICS  )
AMERICA,                   )
         Defendants.

## DEFENDANT, SAMSUNG ELECTRONICS AMERICA, INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES, Defendant, SAMSUNG ELECTRONICS AMERICA, INC. (incorrectly sued as "Samsung Electronics America") (hereinafter referred to as "SEA"), by and through its counsel, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, and for its Answer to Plaintiff's Complaint, states as follows:

1.    Plaintiff is a corporation organized and existing under the laws of the State of Illinois and authorized to do business in Indiana.

**ANSWER:** SEA is without sufficient information to admit or deny the allegations contained in this paragraph and therefore demands strict proof.

2.    Defendant, Electrolux Home Products, Inc., is a foreign corporation organized under the laws of North Carolina with its headquarters located at 10200 David Taylor Dr., Charlotte, NC 25262, and at all times relevant herein, registered to transact business in the state of Indiana.

**ANSWER:** SEA is without sufficient information to admit or deny the allegations contained in this paragraph and therefore demands strict proof.

1

6517891v.1

3.     Defendant, Sensata Technologies, Inc., is a foreign corporation organized under the laws of Massachusetts with its headquarters located at 529 Pleasant St., Attleboro, MA 02703, and at all times relevant herein, registered to transact business in the state of Indiana.

**ANSWER:** SEA is without sufficient information to admit or deny the allegations contained in this paragraph and therefore demands strict proof.

4.     Defendant, Nueva Generacion Manufacturas S.A. De C.V. is a foreign corporation with its headquarters located at Tezozomoc 239 Fracc. Ind. San Antonio Azcapotzalco C.P. 02760 Mexico D. F.

**ANSWER:** SEA is without sufficient information to admit or deny the allegations contained in this paragraph and therefore demands strict proof.

5.     Defendant, Samsung Electronics America, is a foreign corporation organized under the laws of New Jersey with its headquarters located at 85 Challenger Rd., Ridgefield Park, New Jersey 07660, and at all times relevant herein, registered to transact business in the state of Indiana.

**ANSWER:** Samsung Electronics America, Inc. admits that its headquarters is located at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and denies that it is organized under the laws of New Jersey.  SEA further objects to the remainder of the paragraph as improper legal conclusions and to the extent this paragraph contains other factual allegations, SEA is without sufficient information to admit or deny the allegations contained in this paragraph and therefore demands strict proof.

6.     This Court has jurisdiction over the parties and the subject matter of this litigation pursuant to Rule 4.4(A) of the Indiana Rules of Trial Procedure.

6517891v.1

**ANSWER:** SEA objects to this paragraph as it is an improper conclusion of law.  SEA denies any factual allegations deemed to be contained in this paragraph.

7.      On March 29, 2015, James C. Hall ("Insured") purchased a home owner's insurance policy for the residence located at 11299 S. Pennington Lane, Washington County, in Fredricksburg (sic), Indiana ("the Home") and the policy was in effect at all relevant times for the events described below.

**ANSWER:** SEA is without sufficient information to admit or deny the allegations contained in this paragraph and therefore demands strict proof.

8.      On or about April 23, 2015, Insured purchased an Electrolux Refrigerator, model number FFTR181QBO, serial number BA51021653 ("the refrigerator") for personal use in the Home.

**ANSWER:** SEA is without sufficient information to admit or deny the allegations contained in this paragraph and therefore demands strict proof.

9.      The refrigerator and/or its components were manufactured by Electrolux Home Products, Inc., Sensata Technologies, Inc., Nueva Generation Manufacturas S.A. De C.V., and Samsung Electronics America (collectively "Defendants").

**ANSWER:** SEA denies that it manufactured the refrigerator and/or its components and denies all other allegations against SEA in this paragraph.  SEA is without sufficient information to admit or deny the remainder of the allegations in this paragraph, and therefore demands strict proof.

10.      The Defendants designed, manufactured, assembled, tested, distributed, and sold the refrigerator and/or its components into the stream of commerce.

6517891v.1

**ANSWER:** SEA denies that it designed, manufactured, assembled, tested, distributed, and/or sold the refrigerator and/or its components into the stream of commerce and denies all other allegations against SEA in this paragraph.  SEA is without sufficient information to admit or deny the remainder of the allegations in this paragraph, and therefore demands strict proof.

11.     Electrolux Home Products, Inc. designed the refrigerator to have a useful life of at least ten years.

 **ANSWER:** SEA is without sufficient information to admit or deny the allegations contained in this paragraph and therefore demands strict proof. To the extent this paragraph is deemed to include allegations against SEA, SEA denies the same.

12.     Electrolux Home Products, Inc. warranted with the sale of the refrigerator that every Electrolux major appliance is guaranteed to be free of material defects or component malfunctions.

**ANSWER:** SEA is without sufficient information to admit or deny the allegations contained in this paragraph and therefore demands strict proof. To the extent this paragraph is deemed to include allegations against SEA, SEA denies the same.

13.     At no time on or before April 24, 2015 did Defendants inform Insured of the safety and fire risks associated with the refrigerator.

**ANSWER:** SEA did not manufacture the refrigerator or any component and, as such, had no communication with Insured.  SEA further states that no product designed, manufactured or sold by SEA associated with the refrigerator that was used or owned by Insured posed a safety or fire risk.  SEA denies the remainder of the allegations in this paragraph.

6517891v.1

14.     On or about April, 24, 2015, just one day after purchase and installation of the refrigerator, the refrigerator caught fire at the Home (hereinafter "the Fire"), resulting in damages to Insured's property.

**ANSWER:** SEA did not design, manufacture, sell or install the refrigerator or any component and therefore denies that it caused any damage to Insured's property. SEA did not cause the fire or any alleged resulting damage.  SEA is without sufficient information to admit or deny the remainder of the allegations contained in this paragraph and therefore demands strict proof.

15.     The Fire which ignited and destroyed the Home originated within the compressor compartment of the refrigerator, at or near the PIC Starter.

**ANSWER:** SEA denies the allegations contained in this paragraph.

16.     Insured has not, at any time since the purchase, altered the refrigerator in any way.

**ANSWER:** SEA is without sufficient information to admit or deny the allegations contained in this paragraph and therefore demands strict proof.

17.     At all times since the purchase, Insured used the refrigerator for its intended purpose only.

**ANSWER:** SEA is without sufficient information to admit or deny the allegations contained in this paragraph and therefore demands strict proof.

18.     Due to the Fire caused by the refrigerator, Plaintiff's Insured incurred damages in the amount of $135,811.96.

**ANSWER:** SEA denies the allegations as pertain to it and is without sufficient information to admit or deny the remainder of the allegations contained in this paragraph and therefore demands strict proof.

5

19.     Pursuant to the terms of the insurance policy covering the Home, Plaintiff has made payments to or on behalf of its Insured as compensation for damages in the amount of $135,811.96 (less insured's $1,000.00 deductible).

**ANSWER:** SEA denies that it caused any damage.  SEA is without sufficient information to admit or deny the remainder of the allegations contained in this paragraph and therefore demands strict proof.

20.     Plaintiff, pursuant to the terms of said insurance policy, and by virtue of equity, is subrogated to the rights of its Insured to the extent of its payments to or for Insured's account.

**ANSWER:** SEA denies that it caused any damage and denies the remainder of the paragraph to the extent it is deemed pled against SEA.  SEA is without sufficient information to admit or deny the remainder of the allegations contained in this paragraph and therefore demands strict proof.

### COUNT 1 — PRODUCTS LIABILITY — DEFECTIVE MANUFACTURING

21.     Plaintiff incorporates by reference herein all preceding paragraphs of Plaintiff's Complaint.

**ANSWER:** SEA incorporates its answers to all of the preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

22.     The Fire was proximately caused by the defective and unreasonably dangerous refrigerator and/or its components.

**ANSWER:** SEA denies the allegations of this paragraph to the extent the allegations are deemed directed toward it.  To the extent the allegations of this paragraph are directed toward other defendants, SEA is without sufficient information to admit or deny the remainder of the allegations contained in this paragraph and therefore demands strict proof.

23.     Defendants are in the business of selling the refrigerator and/or its components.

6

**ANSWER:** SEA denies the allegations of this paragraph to the extent the allegations are deemed directed toward it.  To the extent the allegations of this paragraph are directed toward other defendants, SEA is without sufficient information to admit or deny the remainder of the allegations contained in this paragraph and therefore demands strict proof.

24.     Insured was a user of the refrigerator and as such was in the class of persons that the Defendants should have reasonably foreseen as being subject to harm caused by the defective refrigerator.

**ANSWER:** SEA denies the allegations of this paragraph to the extent the allegations are deemed directed toward it.  To the extent the allegations of this paragraph are directed toward other defendants, SEA is without sufficient information to admit or deny the remainder of the allegations contained in this paragraph and therefore demands strict proof.

25.     The refrigerator and/or its components were defective and unreasonably dangerous at the time it left the control of each of the Defendants and remained in a substantially unchanged condition until the Fire on 04/24/2015.

**ANSWER:** SEA denies the allegations of this paragraph to the extent the allegations are deemed directed toward it.  To the extent the allegations of this paragraph are directed toward other defendants, SEA is without sufficient information to admit or deny the remainder of the allegations contained in this paragraph and therefore demands strict proof.

26.     The refrigerator was in a defective condition and unreasonably dangerous at the time it left the control of the Defendants because:

a)      Defendants failed to adequately manufacture the refrigerator and/or its components so as to prevent it from igniting a fire;

6517891v.1

b)      Defendants failed to adequately inspect and test the refrigerator and/or its components to ensure against defects;

c)      Defendants failed to assemble the refrigerator and/or its components in such a manner that would prevent it front igniting a fire;

d)      Defendants distributed the defective refrigerator and/or its components, which were not reasonably safe for use in the Home;

e)      The refrigerator and/or its components were designed and manufactured without any warning label to the user of the risk of fire at or near the compressor;

f)      The refrigerator and/or its components were manufactured for consumer use with materials insufficient for such use;

g)      Defendants failed to design the refrigerator and/or its components with adequate safety features to ensure that they did not ignite a fire during normal use;

h)      Defendants were otherwise negligent in the design, manufacture, assembly, testing, inspection, and/or distribution of the refrigerator and/or its components.

**ANSWER:** SEA denies the allegations of this paragraph, including all subparagraphs, to the extent the allegations are deemed directed toward it.  To the extent the allegations of this paragraph are directed toward other defendants, SEA is without sufficient information to admit or deny the remainder of the allegations contained in this paragraph, including all subparagraphs, and therefore demands strict proof.

### COUNT II — PRODUCTS LIABILITY -- DEFECTIVE DESIGN

27.      Plaintiff incorporates by reference herein all preceding paragraphs of Plaintiff's Complaint.

**ANSWER:** SEA incorporates its answers to all of the preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

28.     The refrigerator and/or its components were defectively designed by the Defendants and were unreasonably dangerous at the time they were purchased and remained in a substantially unchanged condition until the Fire.

 **ANSWER:** SEA denies the allegations of this paragraph to the extent the allegations are deemed directed toward it.  To the extent the allegations of this paragraph are directed toward other defendants, SEA is without sufficient information to admit or deny the remainder of the allegations contained in this paragraph and therefore demands strict proof.

29.     As a direct and proximate result of the Fire that was caused by the Defendants defective design of the refrigerator and/or its components, Insured suffered damages in the amount of $135,811.96.

**ANSWER:** SEA denies the allegations of this paragraph to the extent the allegations are deemed directed toward it.  To the extent the allegations of this paragraph are directed toward other defendants, SEA is without sufficient information to admit or deny the remainder of the allegations contained in this paragraph and therefore demands strict proof.

### COUNT III — PRODUCTS LIABILITY — NEGLIGENT MANUFACTURING

30.     Plaintiff incorporates by reference herein all preceding paragraphs of Plaintiffs Complaint.

**ANSWER:** SEA incorporates its answers to all of the preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

9

31.     In manufacturing the refrigerator and/or its components, Defendants had a duty to exercise due and proper care in the manufacturing of their products so that the refrigerator would not cause a fire.

**ANSWER:** SEA admits only those duties imposed by law and denies the remainder of the allegations contained in this paragraph, including but not limited to a denial that it manufactured the refrigerator and/or its components.

32.     As a direct and proximate result of Defendants' negligent failure to use reasonable care in manufacturing the refrigerator and/or its components, Insured suffered damages in the amount of $135,811.96.

**ANSWER:** SEA denies the allegations of this paragraph to the extent the allegations are deemed directed toward it.  To the extent the allegations of this paragraph are directed toward other defendants, SEA is without sufficient information to admit or deny the remainder of the allegations contained in this paragraph and therefore demands strict proof.

### COUNT IV - NEGLIGENT DESIGN

33.     Plaintiff incorporates by reference herein all preceding paragraphs of Plaintiff's Complaint.

**ANSWER:** SEA incorporates its answers to all of the preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

34.     In designing the refrigerator and/or its components, Defendants had a duty to exercise due and proper care in the designing of their products so that the refrigerator would not cause a fire.

**ANSWER:** SEA denies the allegations contained in this paragraph, including but not limited to a denial that it designed the refrigerator and/or its components.

10

35.     As a direct and proximate result of Defendants' negligent design, Insured suffered damages in the amount of $135,811.96.

**ANSWER:** SEA denies the allegations of this paragraph to the extent the allegations are deemed directed toward it.  To the extent the allegations of this paragraph are directed toward other defendants, SEA is without sufficient information to admit or deny the remainder of the allegations contained in this paragraph and therefore demands strict proof.

### COUNT V - BREACH OF IMPLIED MERCHANTABILITY

36.     Plaintiff incorporates by reference herein all preceding paragraphs of Plaintiff's Complaint.

**ANSWER:** SEA incorporates its answers to all of the preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

37.     As merchants of the refrigerator and/or its components, Defendants impliedly warranted to Insured that the refrigerator and/or its components were merchantable.

**ANSWER:** SEA denies the allegations contained in this paragraph, including but not limited to a denial that it is or was the merchant of the refrigerator and/or its components.

38.     The implied warranty of merchantability was breached when the Fire occurred, resulting in damages to Insured's property.

**ANSWER:** SEA denies the allegations of this paragraph to the extent the allegations are deemed directed toward it.  To the extent the allegations of this paragraph are directed toward other defendants, SEA is without sufficient information to admit or deny the remainder of the allegations contained in this paragraph and therefore demands strict proof.

39.     At the time of the Fire, the refrigerator was in use, and had been used for its intended purpose at all times prior to the Fire.

**ANSWER:** SEA denies the allegations of this paragraph to the extent the allegations are deemed directed toward it. To the extent the allegations of this paragraph are directed toward other defendants, SEA is without sufficient information to admit or deny the remainder of the allegations contained in this paragraph and therefore demands strict proof.

## AFFIRMATIVE DEFENSES

1.      Plaintiff and/or James C. Hall are chargeable with fault in the happening of the occurrence in question and his/ their contributory fault was greater than any fault of all persons whose fault proximately contributed to the Plaintiff's damages. Accordingly, Plaintiff is barred from recovery under Indiana Code § 34-51-2-6.

2.      Plaintiff and/or James C. Hall are chargeable with contributory fault in the happening of the occurrence in question, and any award for damages should be diminished proportionately under Indiana Code § 34-51-2-5.

3.      Plaintiff's claims are barred because James C. Hall failed to use reasonable care.

4.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

5.      Plaintiff and/or James C. Hall failed in whole or in part to mitigate damages.

6.      Plaintiff's claims are barred because the alleged injuries and damages were not caused by Defendant, but by other entities, or by intervening acts of others.

7.      Plaintiff's claims are barred because SEA's actions or omissions were not the proximate cause of Plaintiff's alleged injuries or damages.

8.      Plaintiff's claims are barred because SEA did not breach any duty to Plaintiff.

9.      Plaintiff's claims are barred by the applicable statute of limitations.

10.     Plaintiff's claims are barred by the applicable statute of repose.

11.     Plaintiff's claims are barred because SEA was not negligent.

12

12.     Plaintiff's claims are barred as there is no privity between SEA and either Plaintiff or James C. Hall

13.     Plaintiff's claims are barred because SEA had no notice of any alleged defect(s) at issue.

14.     Plaintiff's claims are barred because Plaintiff, James C. Hall and/or other persons or entities who are not parties to the action failed to exercise reasonable care concerning the matters alleged in the Complaint such that the damages, if any, were solely caused by such conduct.

15.     Plaintiff's claims are barred because the fire was caused by something other than the refrigerator or its components.

16.     Plaintiff's claims are barred because the fire was caused by the installer of the refrigerator.

17.     Plaintiff's claims against SEA are barred because the other Defendants failed to exercise reasonable care concerning the matters alleged in the Complaint such that the damages, if any, were solely caused by such conduct.

18.     Defendant will identify non-parties through its ongoing investigation and discovery, including but not limited to unknown entity(ies) who may contributed to Plaintiff's and/or James C. Hall's alleged injuries and damages. Ind. Code § 34-51-2-16.

19.     Plaintiff's claims are barred because Plaintiff and James C. Hall assumed the alleged risk with full and complete knowledge of all known dangers and conditions and voluntarily assumed the risk of said dangers.

6517891v.1

20.     SEA is entitled to a set-off of the amount of collateral source payments received by the Plaintiff, whether received from SEA or another party, as against any judgment entered in favor of the Plaintiff resulting from the incident at issue.

21.     James C. Hall misused the product. Ind. Code § 3420-6-4.

22.     SEA was not negligent as the product (1) was in conformity with the generally recognized state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged, and labeled; and/or, (2) complied with applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States or by Indiana, or by an agency of the United States or Indiana. Ind. Code § 34-20-5-1.

23.     SEA did not owe Plaintiff or James C. hall a duty as it did not design, manufacture or sell the product at issue or any of its components.

24.     Plaintiff's claim against SEA is barred as SEA did not design, manufacture or sell the product at issue or any of its components.

25.     SEA incorporates the affirmative defenses of the co-defendants to the extent they do not allege SEA had a duty, breached a duty, is liable to Plaintiff or Insured, or caused any damages.

26.     SEA reserves all rights to add any and all additional defenses which arise during the course of litigation and/or discovery in this matter.

WHEREFORE, Defendant, SAMSUNG ELECTRONICS AMERICA, INC., respectfully requests that the Court enter judgment in its favor and against Plaintiff, or in the alternative, dismiss Plaintiff's Complaint with prejudice.

14

6517891v.1

**JURY DEMAND**

Defendant, SAMSUNG ELECTRONICS AMERICA, INC., requests a trial by jury for all claims so triable.

Respectfully submitted:

/s/James Williams
James Williams (23193-45)
Edward DeVries (30316-45)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
55 West Monroe Street, Suite 3800
Chicago, IL 60603
Telephone: (312) 704-0550
Facsimile: (312) 704-1522
Email: jim.williams@wilsonelser.com
Email: edward.devries@wilsonelser.com

**CERTIFICATE OF SERVICE**

I certify that on May 22, 2017, I electronically filed the foregoing using the Indiana E-Filing System (IEFS). I also certify that on May 22, 2017, the foregoing document was served upon counsel for Plaintiff via IEFS and via US Mail.

Patrick C. Thomas, #31536-53
Kahn, Dees, Donovan and Kahn, LLP
501 Main Street, Suite 305
Post Office Box 3646
Evansville, Indiana 47735-3646
Telephone: (812) 423-3183
Fax: (812) 423-384.1
Email Address: pthomas@kddk.com
*Counsel for Plaintiff*

Sarah M. Marr, #28289-49
Riley Bennett & Egloff, LLP
141 East Washington St., Suite 400

15

6517891v.1

Indianapolis, IN 46204
(317) 636-8000
***Counsel for Electrolux Home Products, Inc.***

James Hinshaw, #16744-49
Andrew Miller Pendexter, #30075-53
Bingham Greenebaum Doll LLP
10 W. Market Street, Suite 2700
Indianapolis, IN 46204
***Counsel for Sensanta Technologies, Inc.***

/s/James Williams
James Williams 23193-45

16